**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| James Albert Ashpole,<br><br>    Petitioner,<br><br>v.<br><br>Justin Beresky, et al.,<br><br>    Respondents. | No. CV-15-02300-PHX-SPL (BSB)<br><br>**REPORT AND RECOMMENDATION** |

  On December 4, 2015, Petitioner James Albert Ashpole filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 5.) Respondents have filed an answer asserting that Petitioner's claims are unexhausted and, therefore, the Court should dismiss the Petition. (Docs. 13, 14, 17.)[1] Petitioner has filed a reply in support of his claims. (Doc. 15.) As set forth below, the Court recommends that this matter be stayed and held in abeyance.

**I. Factual and Procedural Background**

  **A. Trial, Probation Violation, and Sentencing**

  In 1999, Petitioner was convicted after a jury trial of thirty-nine criminal counts related to the sale of unregistered securities. (Doc. 14, Exs. A, B.) On April 29, 1999, the trial court sentenced Petitioner to a total of nine years' imprisonment on thirty-eight of the counts of conviction. (Doc. 14, Ex. B.) The trial court suspended the imposition of sentence on Petitioner's conviction for fraudulent schemes and artifices (Count 34) and

---

[1] Documents 14 and 17 contain the exhibits in support of Respondents' answer.

imposed seven years' probation on that conviction to begin upon Petitioner's release from the Arizona Department of Corrections. (*Id.* at 3.) After Petitioner completed his prison sentence, he began serving his term of probation. (Doc. 14, Ex. B at 3.) On August 8, 2014, Petitioner pleaded guilty to violating a term of his probation. (Doc. 5 at 6; Doc. 14, Ex. C; Doc. 15 at 17-31.) The trial court revoked Petitioner's probation and sentenced him to an aggravated term of ten years' imprisonment on Count 34. (Doc. 14, Ex. C.) The trial judge found three aggravating factors under Ariz. Rev. Stat. § 13-701(D): (1) Petitioner's numerous prior convictions; (2) Petitioner committed the offense for pecuniary gain; and (3) Petitioner's continued criminal behavior while on probation. (Doc. 14, Ex. B at 3; Doc. 15 at 29.)

### B. Motions for Resentencing

On September 18, 2014, Petitioner filed a motion for resentencing in the trial court. (Doc.14, Exs. E, J at 3.) On October 23, 2014, the trial court denied the motion "as argued." (Doc. 14, Ex. E.) However, the trial court sua sponte raised the issue of whether Petitioner's aggravated sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004), and directed Petitioner's counsel to filed a brief addressing that issue by November 4, 2014. (*Id.*) On October 31, 2014, Petitioner filed a motion for resentencing arguing that his aggravated sentence violated *Blakely*. (Doc. 14, Ex. F.) On January 18, 2015, the trial court denied the motion for resentencing. (Doc. 14, Ex. J at 2-3.)

On April 16, 2015, Petitioner filed a document entitled "Motion to Compel Resentencing" in the Arizona Supreme Court. (Doc. 5 at 32.) On September 16, 2015, the Arizona Supreme Court construed the filing as a petition for review and denied review.[2] (*Id.* at 31.)

### C. Post-Conviction Review

On November 5, 2014, Petitioner filed a notice of post-conviction relief in the trial court pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. (Doc. 14, Ex. D.)

---

[2] The record does not indicate whether Petitioner sought review of the denial of the motion for resentencing in the appellate court.

On January 20, 2015, Petitioner filed another notice of post-conviction relief in the trial court arguing that counsel was ineffective in connection with the probation violation proceedings. (Doc. 14, Ex. H.) On January 27, 2016, the trial court denied post-conviction relief. (Doc. 14, Ex. K.) The court indicated that it "had received and considered several pleadings." (*Id.*) The court found that Petitioner timely raised the issue of whether his sentence was properly aggravated. (*Id.*) The court concluded that Petitioner did not present any claims that entitled him to relief. (*Id.*)

On February 23, 2016, Petitioner filed a notice of appeal and a petition for review in the Arizona Court of Appeals. (Doc. 17, Exs. N, O.) Petitioner raised the following claims: (1) whether counsel was ineffective at the probation revocation hearing for, among other things, advising Petitioner that he would be sentenced to probation if he pleaded guilty to the probation violation (Doc. 17, Ex. N at 2, Ex. O at 7-11); (2) whether the trial court erred by using prior convictions that were greater than ten years old to enhance Petitioner's sentence (Doc. 17, Ex. N at 2, Ex. O at 11); (3) whether the enhancement of Petitioner's sentence based on the "39 prior convictions pursuant to his original (1998) conviction" violated the Double Jeopardy Clause (Doc. 17, Ex. N at 2-3; Ex. O at 12); and (4) whether the trial court violated *Blakely* by aggravating Petitioner's sentence based on factors that were not found by a jury. (Doc. 17, Ex. N at 3; Ex. O at 13.) The appeal is still pending as of the date of this Report and Recommendation.[3]

### D. Federal Petition for Post-Conviction Relief

On November 12, 2015, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1.) In accordance with Court orders, on December 4, 2015, Petitioner filed an Amended Petition. (Doc. 5.) Petitioner presents the following claims: (1) Petitioner's Sixth Amendment rights were violated because the trial judge, not a jury, found aggravating factors for purposes of sentencing (Ground One); and (2) the trial court

---

[3] Petitioner also unsuccessfully sought special action relief in the state courts. (Doc. 14, Doc. 5 at 19; Doc. 14, Ex. M.) Special actions "fall outside of the normal review process and may not be used for federal habeas exhaustion purposes." *Kajander v. Schroeder*, 2009 WL 775395, at * 2 (D. Ariz. Mar. 20, 2009) (citation omitted).

violated the Arizona and the Federal Due Process Clauses by imposing an aggravated sentence based on Petitioner's prior convictions because they were too remote (Ground Two). (Doc. 5 at 6-7.)

**II.  Exhaustion**

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A petitioner has not exhausted state court remedies if he has a state appeal or post-conviction proceeding pending at the time he files a petition for writ of habeas corpus in federal court. *See Schnepp v. Oregon*, 333 F.2d 288, 288 (9th Cir. 1964) (stating that state prisoner had not exhausted state remedies where post-conviction proceeding was pending in state courts). The claims asserted in Ground One, and a federal claim that is similar to the claim asserted in Ground Two. are both included in the petition for review that is pending in the Arizona Court of Appeals. (Doc. 17, Ex. O.) Considering the pending petition for review of the trial court's denial of post-conviction relief, which could affect Petitioner's sentence and which could also ultimately affect these proceedings, it is inappropriate for this Court to rule on Petitioner's claims at this time.[4] *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) (even when a claim to be challenged has been finally settled in state courts, petitioner must await outcome of his appeal in state court before remedies are exhausted).

Therefore, the Court recommends that this matter be stayed and held in abeyance pending the Arizona Court of Appeals' decision because. based on the record before the Court, it is unclear whether a future petition for writ of habeas corpus would be barred by the statute of limitations that applies to federal petitions for writ of habeas corpus. *See Pace v. DiGuglielmo*, 544 U.S. 414, 416 (2005) (stating that petitioners who are

---

[4] Respondents argue that Petitioner's claims are unexhausted, but also argue that the claims in Ground Two are technically exhausted and procedurally barred. (Doc. 13 at 4.) These arguments are inconsistent. However, because the claims asserted in Ground Two are arguably included in the petition for review pending in the Arizona Court of Appeals, at this point in the proceeding the Court does not determine whether the claims asserted in Ground Two are barred from habeas corpus review.

- 4 -

"reasonably confused" about their state's timeliness rules may file "protective" petitions in federal court and ask the court to stay and abey the federal habeas corpus proceedings under *Rhines* [*v. Weber*, 544 U.S. 256 (2005)] until the state remedies are exhausted); *Mena v. Long,* 813 F.3d 907, 910 (9th Cir. 2016) (holding that the district court may stay and hold in abeyance, rather than dismiss, a state prisoner's federal habeas petition that includes only claims that have not been exhausted in state court).

However, the Amended Petition should not be held in abeyance indefinitely. If the district court adopts the Report and Recommendation, it is recommended that, no later than thirty days after the date of service of the district court's order adopting this Report and Recommendation, Respondents and Petitioner must inform the Court of the status of Petitioner's proceeding in state court. It is further recommended that every ninety days after the filing of the initial status report, Respondents and Petitioner shall file a new report regarding the status of the state court proceeding.

Accordingly,

**IT IS RECOMMENDED** that this proceeding be stayed and the Amended Petition for Writ of Habeas Corpus (Doc. 5) be held in abeyance pending the Arizona Court of Appeals' decision in case number 1 CA-CR 16-0103-PRPC.

**IT IS FURTHER RECOMMENDED** that if the district court adopts the Report and Recommendation, no later than thirty days after the date of service of the district court's order adopting this Report and Recommendation, Respondents and Petitioner must inform the Court of the status of his proceedings in state court. Every ninety days after the filing of the initial status report, Petitioner and Respondents must file a new report regarding the status of the state court proceedings. Petitioner's failure to comply with these instructions may result in the Court vacating the stay and dismissing this matter for failure to comply with Court orders. *See* Fed. R. Civ. P. 41(b).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's

judgment.  The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72.  The parties have fourteen days within which to file a response to the objections.  Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

Dated this 29th day of March, 2016.

_____
Bridget S. Bade
United States Magistrate Judge