# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Albert Ashpole, | No. CV-15-02300-PHX-SPL (BSB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Justin Beresky, et al., | |
| Respondents. | |

On December 4, 2015, Petitioner James Albert Ashpole filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. 5.)  Respondents filed an answer asserting that Petitioner's claims were unexhausted and therefore the Court should dismiss the Petition.  (Docs. 13, 14, 17.)[1]  Petitioner filed a reply.  (Doc. 15.) After this briefing, the Court did not address the Amended Petition but instead ordered that this matter be stayed and held in abeyance pending the Arizona Court of Appeals' decision in case number 1 CA-CR 16-0103-PRPC.  (Docs. 18, 19.)  Upon notice of the appellate court's decision, on November 28, 2017, the Court lifted the stay and ordered supplemental briefing on the Amended Petition.  (Docs. 51, 52.)  Respondents filed a supplemental answer asserting that Petitioner's claims are procedurally barred from federal habeas corpus review without an excuse.  (Doc. 53.)  Petitioner filed a reply in support of his Amended Petition.  (Doc. 54.)  For the reasons below, the Amended Petition should be denied.

---

[1] Respondents filed the exhibits in support of their answer at docket 14 and 17.

I.      **Factual and Procedural Background**

        A.      **Petitioner's Criminal Convictions, Probation Violation, and Sentencing**

        In 1999, Petitioner was convicted after a jury trial of thirty-nine criminal counts related to the sale of unregistered securities.  (Doc. 14, Exs. A, B.)  The trial court sentenced Petitioner to a total of nine years' imprisonment on thirty-eight counts of conviction, and suspended the imposition of sentence on the remaining count of conviction, Petitioner's conviction for fraudulent schemes and artifices, and imposed seven years' probation on that conviction to begin upon Petitioner's release from the Arizona Department of Corrections.  (Doc. 14, Ex. B.)  After Petitioner completed his prison sentence, he began serving his term of probation.  (Doc. 14, Ex. B at 3.)  On August 8, 2014, Petitioner pleaded guilty to violating a term of his probation.  (Doc. 5 at 6; Doc. 14, Ex. C; Doc. 15 at 17-31.)  The trial court revoked Petitioner's probation and sentenced him to an aggravated term of ten years' imprisonment on his conviction for fraudulent schemes and artifices, the conviction for which the Court had imposed probation. (Doc. 14, Ex. C.)  The trial court found three aggravating factors under Ariz. Rev. Stat. § 13-701(D).  (Doc. 14, Ex. B at 3; Doc. 15 at 29.)

        B.      **Motions for Resentencing**

        On September 18, 2014, Petitioner filed a motion for resentencing in the trial court.  (Doc. 14, Exs. E, J at 3.)  On October 23, 2014, the trial court denied the motion "as argued."  (Doc. 14, Ex. E.)  However, the trial court *sua sponte* raised the issue of whether Petitioner's aggravated sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004), and directed Petitioner's counsel to filed a brief addressing that issue by November 4, 2014.  (*Id.*)  On October 31, 2014, Petitioner filed a motion for resentencing arguing that his aggravated sentence violated *Blakely.*  (Doc. 14, Ex. F.)  On January 18, 2015, the trial court denied the motion for resentencing.  (Doc. 14, Ex. J at 2-3.)  On April 16, 2015, Petitioner filed a "Motion to Compel Resentencing" in the Arizona Supreme Court.  (Doc. 5 at 32.)  On September 16, 2015, the Arizona Supreme Court construed the filing as a petition for review and denied review.  (*Id.* at 31.)

## C.    Post-Conviction Review

On November 5, 2014, Petitioner filed a notice of post-conviction relief in the trial court pursuant to Rule 32 of the Arizona Rules of Criminal Procedure.  (Doc. 14, Ex. D.) That notice did not present any claims for relief.  (*Id*.)  On January 20, 2015, Petitioner filed another notice of post-conviction relief arguing that counsel was ineffective in connection with the probation violation proceedings because he told Petitioner that, if he admitted the probation violation, the court would reinstate his probation.   (Doc. 14, Ex. H.)   The state responded to the issues raised in the January 20, 2015 notice, and indicated that Petitioner had not filed a petition.  (Doc. 14, Ex. I.)  Petitioner filed a reply adding details to his claim.  (Doc. 14, Ex. J.)  On January 27, 2016, the trial court denied post-conviction relief.  (Doc. 14, Ex. K.)  The court found that the petition was timely, but the issues were precluded from post-conviction review, and if not precluded, lacked merit.  (*Id*.)

On February 23, 2016, Petitioner filed a notice of appeal and a petition for review in the Arizona Court of Appeals.  (Doc. 17, Exs. N, O.)  Petitioner alleged ineffective assistance of counsel at the probation revocation hearing, sentencing error, a double jeopardy violation, and a *Blakely* claim.  (Doc. 17, Ex. O.)  On October 17, 2017, the appellate court granted review but denied relief.   (Doc. 48 at 2-5.)  The appellate court found that aside from his claim of ineffective assistance of counsel, Petitioner had not raised the other claims in the trial court. (Doc. 48 at 4.)  Thus, the appellate court found Petitioner's claims, other than his claim of ineffective assistance, were precluded because a petition for post-conviction review cannot raise claims that were not first presented to the trial court.  (*Id*. (citing Ariz. R. Crim. P. 32.9(c)(1)(ii); *State v. Bortz*, 169 Ariz. 575 (Ariz. Ct. App. 1991).)  The appellate court affirmed the trial court's ruling denying relief on Petitioner's claim of ineffective assistance of counsel.  (Doc. 48 at 4-5.)

/ / /

/ / /

/ / /

- 3 -

### D. Special Action

Petitioner also filed a petition for special action in the Arizona Supreme Court. (Doc. 14, Ex. M; Doc. 54 at 9.)  On April 3, 2015, the Arizona Supreme Court declined to accept jurisdiction over the special action.  (Doc. 14, Ex. M; Doc. 54 at 9.)

### E. Federal Petition for Writ of Habeas Corpus

On November 12, 2015, Petitioner filed a petition for writ of habeas corpus in this Court.  (Doc. 1.)  In accordance with Court orders, on December 4, 2015, Petitioner filed an Amended Petition.  (Doc. 5.)  Petitioner presents the following claims: (1) his Sixth Amendment rights were violated because the trial judge, not a jury, found aggravating factors for purposes of sentencing (Ground One); and (2) the trial court violated his due process rights under the Arizona and federal constitutions by imposing an aggravated sentence based on prior convictions that were too remote (Ground Two).  (Doc. 5 at 6-7.)

## II. Exhaustion and Procedural Bar

Ordinarily, a federal court may not grant a petition for writ of habeas corpus unless the petitioner has exhausted available state remedies.  28 U.S.C. § 2254(b).  To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by "fairly presenting" them to the state's "highest" court in a procedurally appropriate manner.[2]  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim"); *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (same).

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which his claim is based.  *See Baldwin*, 541 U.S. at 33.  A "state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief . . . that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."  *Id.* at

---

[2]  In Arizona, unless a prisoner has been sentenced to death, he satisfies the "highest court" by presenting his claim to the Arizona Court of Appeals either on direct or post-conviction review.  *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005).

31-32. Thus, "a petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum . . . (2) through the proper vehicle, . . . and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

The requirement that a petitioner exhaust available state court remedies promotes comity by ensuring that the state courts have the first opportunity to address alleged violations of a state prisoner's federal rights. *See Duncan v. Walker*, 533 U.S. 167, 178 (2001); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Principles of comity also require federal courts to respect state procedural bars to review of a habeas petitioner's claims. *See Coleman*, 501 at 731-32. Pursuant to these principles, a habeas petitioner's claims may be precluded from federal review in two situations.

First, a claim may be procedurally defaulted and barred from federal habeas corpus review when a petitioner failed to present his federal claims to the state court, but returning to state court would be "futile" because the state court's procedural rules, such as waiver or preclusion, would bar consideration of the previously unraised claims. *See Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002). If no state remedies are currently available, a claim is technically exhausted, but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n.1.

Second, a claim may be procedurally barred when a petitioner raised a claim in state court, but the state court found the claim barred on state procedural grounds. *See Beard v. Kindler*, 558 U.S. 53 (2009). "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claim has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman*, 501 U.S. at 731-32. In this situation, federal habeas corpus review is precluded if the state court opinion relies "on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989).

A state procedural ruling is "independent" if the application of the bar does not depend on an antecedent ruling on the merits of the federal claim. *See Stewart v. Smith*, 536 U.S. 856, 860 (2002); *Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985). A state court's application of the procedural bar is "adequate" if it is "strictly or regularly followed." *See Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994). If the state court occasionally excuses non-compliance with a procedural rule, that does not render its procedural bar inadequate. *See Dugger v. Adams*, 489 U.S. 401, 410-12 n.6 (1989). "The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." *Coleman*, 501 U.S. at 732. Although a procedurally barred claim has been exhausted, as a matter of comity, the federal court will decline to consider the merits of that claim. *See id.* at 729-32.

However, because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims. *See Reed v. Ross*, 468 U.S. 1, 9 (1984). Generally, a federal court will not review the merits of a procedurally defaulted claim unless a petitioner demonstrates "cause" for the failure to properly exhaust the claim in state court and "prejudice" from the alleged constitutional violation, or shows that a "fundamental miscarriage of justice" would result if the claim were not heard on the merits. *Coleman*, 501 U.S. at 750. Additionally, pursuant to 28 U.S.C. § 2254(b)(2), the court may dismiss plainly meritless claims regardless of whether the claim was properly exhausted in state court. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (holding that a stay is inappropriate in federal court to allow claims to be raised in state court if they are subject to dismissal under § 2254(b)(2) as "plainly meritless").

### III.    Petitioner's Claims are Procedurally Barred

As Respondents argue (Doc. 53), Petitioner's claims are procedurally barred. Petitioner presented his claims asserted in the Amended Petition to the Arizona Court of Appeals on post-conviction review. (Doc. 17, Exs. N, O; Doc. 18 at 4.) The court found review of these claims precluded pursuant to Rule 32.9(c)(9)(ii) because Petitioner had

not first presented them to the trial court.  (Doc. 48 at 4.)   Therefore, federal habeas corpus review of Petitioner's claims is procedurally barred because the court of appeals found review barred based on an adequate and independent state procedural grounds. (Doc. 48 at 4 (citing Rule 32.9(c)(1)(ii)); *see Beard*, 558 U.S. at 55 (stating that a claim is procedurally barred when a petitioner raised it in state court, but the court found it barred on adequate and independent state procedural grounds); *Simmons v. Schriro*, 187 Fed. App'x. 753, 754 (9th Cir. 2006) (holding that Arizona's procedural rules are "clear" and "well-established"); *Miloni v. Schriro*, 2006 WL 1652578, at \*5 (D. Ariz. Jun. 7, 2006) (concluding that a procedural ruling based on Rule 32.9(c) is adequate); *State v. French*, 7 P.3d 128, 131 (Ariz. Ct. App. 2000) (summarily rejecting claims for failure to comply with Rule 32.9), *disapproved of on other grounds by Stewart v. Smith*, 46 P.3d 1067, 1071 (Ariz. Ct. App. 2002); *State v. Carriger*, 692 P.2d 991, 995 (Ariz. 1984) (observing that "[p]etitioners must strictly comply with Rule 32 or be denied relief").

Petitioner asserts that he properly exhausted his claims because he presented them to the Arizona Supreme Court in a petition for special action.  (Doc. 54 at 2.)   Even if Petitioner presented his claims in a petition for special action, doing so did not satisfy the exhaustion requirement.   *See Casey v. Moore*, 386 F.3d 896, 918 (9th Cir. 2004) (submitting a claim "in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation"); *Kajander v. Schroeder*, 2009 WL 775395, at \*2-\*3 (D. Ariz. Mar. 20, 2009) (citations omitted) (explaining that special actions "fall outside of the normal review process and may not be used for federal habeas exhaustion purposes.").

Furthermore, it would be futile for Petitioner to return to the state courts to try to exhaust his claims.[3]   First, Petitioner is time-barred from a filing a petition for post-conviction relief under Rule 32.   *See* Ariz. R. Crim. P. 32.4(a) (providing that a notice of post-conviction relief must be filed within 90 days after conviction for a pleading

---

[3]  Therefore, to the extent that Petitioner suggests that he presented his claims to the state courts in a post-conviction proceeding subsequent to his first post-conviction proceeding (*see* Doc. 54 at 2), doing so would not satisfy the exhaustion requirement.

defendant and thirty days in all other cases).  Second, Petitioner's claims would be barred as successive.  *See* Ariz. R. Crim. P. 32.2(a) (defendant precluded from relief on ground "[t]hat has been waived at trial, on appeal, or in any previous collateral proceeding"); *McKinney v. Ryan*, 730 F.3d 903, 913 n.6 (9th Cir. 2013) (finding claims procedurally defaulted because petitioner was barred from exhausting his claims in the first instance by Rules 32.2(a)(3) and 32.4(a)).  Third, Petitioner's claims do not implicate any exceptions for untimely or successive claims referred to in Rule 32.4(a) and Rule 32.2(b), including being held in custody after the imposed sentence expired, the presentation of newly discovered material facts that probably would have changed the verdict or sentence, the failure to file a timely notice of post-conviction relief or a notice of appeal that was not the defendant's fault, a change in the law, or the petitioner's actual innocence.  *See* Rule 32.1(d), (e), (f), (g) and (h).

Accordingly, federal habeas corpus review of Petitioner's claims is procedurally barred.  *See Coleman*, 501 U.S. at 735 n.1 (when a prisoner has failed to exhaust state remedies and is barred by procedural rules from raising the claim, "there is a procedural default for purposes of federal habeas" review).  As discussed in Section IV, Petitioner has not established a basis to overcome the procedural bar to review of his claims.

## IV.    Petitioner has not Overcome the Procedural Bar

A federal court will not review the merits of a procedurally defaulted claim unless a petitioner demonstrates "cause" for failing to properly exhaust the claim in state court and "prejudice" from the alleged constitutional violation, or shows that a "fundamental miscarriage of justice" would result if the claim were not heard on the merits.  *Coleman*, 501 U.S. at 750.  As discussed below, Petitioner has not made a showing sufficient to overcome the procedural bar.

### A.    Fundamental Miscarriage of Justice

A federal court may review the merits of a procedurally defaulted claim if the petitioner demonstrates that failure to consider the merits of that claim will result in a "fundamental miscarriage of justice."  *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  A

"fundamental miscarriage of justice" occurs when "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). To establish a fundamental miscarriage of justice, a petitioner must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup,* 513 U.S. at 324. The petitioner has the burden of demonstrating that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327. Petitioner does not allege that failure to consider his defaulted claims will result in a fundamental miscarriage of justice. (Docs. 5, 54.) Moreover, Petitioner has not presented new evidence and has not shown that failure to consider his claims will result in a fundamental miscarriage of justice. Thus, he has not met *Schlup's* high standard and this exception does not excuse the procedural bar to habeas corpus review of his claims.

### B.     Cause and Prejudice

A federal court may review the merits of a procedurally defaulted claim if a petitioner establishes "cause" and "prejudice." *Coleman*, 501 U.S. at 750. To establish "cause," a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Teague*, 489 U.S. at 298. A showing of "interference by officials," constitutionally ineffective assistance of counsel, or "that the factual or legal basis for a claim was not reasonably available" may constitute cause. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

"Prejudice" is actual harm resulting from the constitutional violation or error. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). To establish prejudice, a habeas petitioner bears the burden of demonstrating that the alleged constitutional violation "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original); *see also Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991). If petitioner fails to establish cause for his procedural default, then the court need

not consider whether petitioner has shown actual prejudice resulting from the alleged constitutional violations. *Smith v. Murray*, 477 U.S. 527, 533 (1986).

Petitioner does not make any arguments to establish cause or prejudice. (Docs. 5, 54.) Petitioner does not specifically argue that his lack of legal knowledge and resources constitutes cause to excuse the procedural bar to review of his claims of ineffective assistance of trial and appellate counsel. (*Id*.) Even if petitioner asserted that argument, it would fail because a petitioner's status as an inmate, lack of legal knowledge, and limited legal resources do not establish cause to excuse the procedural bar to review of his claims. *See Hughes v. Idaho State Bd. of Corr.,* 800 F.2d 905, 909 (9th Cir. 1986) (an illiterate pro se petitioner's lack of legal assistance did not amount to cause to excuse a procedural default); *Tacho*, 862 F.2d at 1381 (petitioner's reliance upon jailhouse lawyers did not constitute cause). Therefore, Petitioner has not established "cause" and "prejudice" for his failure to properly exhaust his claims before the Arizona Court of Appeals.

**V.    Conclusion**

Petitioner's claims asserted in the Amended Petition are procedurally barred from federal habeas corpus review and Petitioner has not established a basis to overcome the procedural bar.[4]

Accordingly,

**IT IS RECOMMENDED** that the Court deny the Amended Petition for Writ of Habeas Corpus. (Doc. 5.)

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

---

[4]   Additionally, Petitioner's claim based on the Arizona Due Process Clause (Doc 5 at 6-7) is not cognizable on federal habeas corpus review. *See* 28 U.S.C. § 2254(a); *Engle v. Isaac*, 456 U.S. 107, 119 (1982).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.  The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6, 72.  The parties have fourteen days within which to file a response to the objections.  Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Dated this 9th day of February, 2018.


_____
Bridget S. Bade
United States Magistrate Judge