IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Albert Ashpole,<br><br>            Petitioner,<br><br>v.<br><br>Justin Beresky, et al.,<br><br>            Respondents. | No. CV-15-02300-PHX-SPL<br><br>**ORDER** |

The Court has before it Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 5.) The Court has also received Respondents' Limited Answer (Doc. 13), Petitioner's Response to the Limited Answer (Doc. 15), Supplemental Exhibits from Respondent (Doc. 17), the first Report and Recommendation of Magistrate Judge Bridget S. Bade and the Order of this Court. (Docs. 18, 19.) We also have before us Respondents' Supplemental Limited Answer (Doc. 53), Petitioner's Reply Response to Respondents' Supplemental Limited Answer (Doc. 54), the Report and Recommendation of the Magistrate Judge (Doc. 55), Petitioner's Objections (Doc. 56), Response to the Petitioner's Objections (Doc. 57), and the Petitioner's Notice of Procedural Bar. (Doc. 58.)

Petitioner argues in Ground One that the aggravated sentence has violated his right to a jury trial under *Blakely v. Washington*, 542 U.S. 296 (2004). (Doc. 5 at 6, 14-16.) In Ground Two, Petitioner argues one of the aggravating factors, the existence of prior convictions, had been improper because those convictions were too remote under Arizona

Law. (*Id.* at 7, 16-17.) Respondents argue the petition must be dismissed with prejudice because both habeas claims are technically exhausted and precluded under the independent and adequate state-ground doctrine. Additionally, Respondents argue Petitioner does not allege a basis to excuse the procedural defaults, which he could not otherwise have established given he had been aware of the factual basis of both claims prior to filing his PCR petition. (Docs. 13, 17, 53.) Judge Bade concluded the Petitioner's claims are procedurally barred. (Doc. 55.)

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b)(1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

Petitioner has presented the same arguments that he initially made in his Petition for Writ of Habeas Corpus. (Doc. 5, 15, 54.) This Court has, nonetheless, undertaken an extensive review of the sufficiently developed record and the objections to the findings and recommendations in the very detailed R&R, without the need for an evidentiary hearing or appointing counsel for the Petitioner. After conducting a *de novo* review of the issues and objections, the Court reaches the same conclusions reached by Judge Bade. Specifically, the Court finds the Petitioner claims are procedurally barred.

Having carefully reviewed the record, the Petitioner has not shown that he is

entitled to habeas relief. The R&R will be adopted in full. Accordingly,

**IT IS ORDERED:**

1. That the Magistrate Judge's Report and Recommendation (Doc. 55) is **accepted** and **adopted** by the Court;

2. That the Petitioner's Objections (Doc. 56) are **overruled**;

3. That the Petition for Writ of Habeas Corpus (Doc. 5) is **denied** and this action is **dismissed with prejudice**;

4. That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable; and

5. That the Clerk of Court shall **terminate** this action.

Dated this 27th day of April, 2018.

Honorable Steven P. Logan
United States District Judge